IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

MAR 2 6 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE MEJIA,<br>Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | MISC. NO. B-02-002 |
| UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§ | |

## ORDER

Pending before the Court is Petitioner Jose Mejia's ("Mejia") petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket No. 1) and his brief in support of the petition (Docket No. 2).

### DISCUSSION

Because Mejia is attacking the imposition of his sentence by filing his habeas petition with the sentencing court, this court treats his petition as a successive motion under 28 U.S.C. § 2255. Under section 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals" in order for a prisoner to be able to challenge his sentence. 28 U.S.C. § 2255. The Fifth Circuit has not certified Mejia's successive motion.

Moreover, a review of Mejia's claims indicates that they may be procedurally barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA") places a one-year statute of limitations upon the filing of motions under § 2255. Mejia's claim is that the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), should be retroactively applied in his case. Under AEDPA, the limitations period runs from "the date on which the right asserted was initially

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. *Apprendi* was decided June 26, 2000, and neither the Supreme Court nor the Fifth Circuit have addressed the retroactive application of *Apprendi* to cases on collateral review. Even if *Apprendi* applied retroactively, Mejia's motion is time-barred because he filed his section 2255 motion on January 30, 2002. In order to have been timely filed, Mejia should have filed his motion by June 26, 2001.

Even if Mejia's claim were not procedurally barred, it is nonetheless without merit. Mejia was indicted for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He claims that his indictment was deficient under *Apprendi* because it failed to allege drug quantity. *Apprendi* stands for the narrow proposition that any fact (aside from prior convictions) that increases the penalty for a crime *beyond* the statutory maximum should be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 2362-63. In other words, *Apprendi* applies only in cases in which the actual sentence exceeds the prescribed statutory maximum. *See United States v. Cooper*, 274 F.3d 230, 243 (5th Cir. 2001) (holding that the facts that increase the penalty for a crime within the statutory range, but which do not increase the sentence beyond that range, need not be proven to the jury beyond a reasonable doubt); *U.S. v. Meshack*, 225 F.3d 556, 576-77 (5th Cir. 2000) (holding same). Mejia faced a statutory maximum sentence of life imprisonment. 8 U.S.C. § 841(b). He was sentenced to only 151 months, well within the statutory maximum.

This action is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

DONE at Brownsville, Texas, this 25th day of March, 2002.

Filemon B. Vela
United States District Judge