IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
APR 25 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE MEJIA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | MISC. NO. B-02-002 |
| | § | B-95-223-04 |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## ORDER

Petitioner Jose Mejia ("Mejia") has filed a Notice of Appeal (Docket No. 4) in response to the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2241. In order to properly appeal the district court's order, the Antiterrorism and Effective Death Penalty Act of 1996 requires that Mejia obtain a certificate of appealability ("COA"). This Court will treat Mejia's Notice of Appeal as a petition for a COA and will consider the arguments he presented in his habeas petition and brief (Docket Nos. 1, 2) to determine whether a COA should issue in this case.

### DISCUSSION

A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

## DISCUSSION

In this case, the district court adopted the report and recommendation of the magistrate judge, which concluded that Mejia's claim was without merit. Mejia was indicted for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He claims that his indictment was deficient under *Apprendi v. United States*, 530 U.S. 466 (2001), because it failed to allege drug quantity. *Apprendi* stands for the narrow proposition that any fact (aside from prior convictions) that increases the penalty for a crime *beyond* the statutory maximum should be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 2362-63. In other words, *Apprendi* applies only in cases in which the actual sentence exceeds the prescribed statutory maximum. *See United States v. Cooper*, 274 F.3d 230, 243 (5th Cir. 2001) (holding that the facts that increase the penalty for a crime within the statutory range, but which do not increase the sentence beyond that range, need not be proven to the jury beyond a reasonable doubt); *U.S. v. Meshack*, 225 F.3d 556, 576-77 (5th Cir. 2000) (holding same). Mejia faced a statutory maximum sentence of life imprisonment. 8 U.S.C. § 841(b). He was sentenced to only 151 months, well within the statutory maximum.

Mejia has not made a substantial showing of the denial of any of his constitutional rights.

IT IS therefore **ORDERED** that Mejia's petition for certificate of appealability (Docket No. 4) be **DENIED**.

DONE in Brownsville, Texas, on this 24th day of April, 2002.

                                                Filemon B. Vela
                                           United States District Judge