IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

AUG 21 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE MEJIA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | MISC. NO. B-02-002 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Petitioner Jose Mejia's "Appeal for Issuance of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253 and FED. R. APP. P. Rule 22" (Docket No. 6).

### DISCUSSION

Petitioner Jose Mejia was indicted for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He is currently incarcerated in Three Rivers, Texas. He filed a habeas corpus petition under 28 U.S.C. § 2241 in the Corpus Christi Division of the Southern District of Texas. The district court in Corpus Christi transferred Mejia's petition to the Brownsville Division of the Southern District of Texas, the division in which Mejia was sentenced.

Mejia now argues that the Corpus Christi division did not have authority to transfer his § 2241 habeas petition because the Brownsville division did not have jurisdiction to entertain it. He also argues that the Brownsville division should not have treated his habeas petition as a motion for postconviction relief under 28 U.S.C. § 2255.

A "section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a

1

sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). In contrast, a § 2255 motion "provides the primary means of collateral attack on a federal sentence." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Relief under section 2255 is warranted for errors cognizable on collateral review that occurred 'at or prior to sentencing.'" *See Pack*, 218 F.3d at 451 (relying on *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A § 2255 motion must be filed in the sentencing court. *See Pack*, 218 F.3d at 451. Moreover, a "section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Kinder*, 222 F.3d at 212.

Mejia claims that his indictment was deficient under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it failed to allege the quantity of drugs he was charged with possessing. Mejia essentially attacks the validity of his sentence. His complaint is based upon the manner in which his sentenced was determined, and he raises an error that occurred "at or prior to sentencing." *See Pack*, 218 F.3d at 451. Accordingly, the sentencing court in the Brownsville division had jurisdiction over his petition and properly construed it as a motion under § 2255.

In the alternative, Mejia requests this Court to issue a certificate of appealability ("COA"). A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues (in a different manner); or that the questions adequately deserve further inquiry. *See Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998).

Where a district court has rejected the constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists could find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if reasonable jurists would find debatable both the merits of the claim and the procedural ruling. *See id.*

In this case, the district court adopted the report and recommendation of the magistrate judge, which concluded that Mejia's *Apprendi* claim was without merit. *Apprendi* stands for the narrow proposition that any fact (aside from prior convictions) that increases the penalty for a crime *beyond* the statutory maximum should be submitted to a jury and proved beyond a reasonable doubt. *See* 530 U.S. at 2362-63. In other words, *Apprendi* applies only to cases in which the actual sentence exceeds the prescribed statutory maximum. *See United States v. Cooper*, 274 F.3d 230, 243 (5th Cir. 2001) (holding that facts increasing the penalty for a crime within, but not beyond, the statutory range need not be proven to the jury beyond a reasonable doubt). Mejia faced a statutory maximum sentence of life imprisonment. 8 U.S.C. § 841(b). He was sentenced to 151 months, well within the statutory maximum.

Mejia has not made a substantial showing of the denial of any of his constitutional rights. IT IS therefore **ORDERED** that Mejia's petition for certificate of appealability (Docket No. 6) be **DENIED**.

DONE in Brownsville, Texas, on this  21st  day of August, 2002.

                                                            Filemon B. Vela
                                                            United States District Judge