IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
OCT 10 2002
CHARLES R. FULBRUGE III
CLERK

No. 02-40647
Summary Calendar

JOSE MEJIA,

                           Petitioner-Appellant,

United States District Court
Southern District of Texas
FILED
DEC 0 5 2002
Michael N. Milby
Clerk of Court

versus

UNITED STATES OF AMERICA,

                           Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-MC-2
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges,

PER CURIAM:[*]

    Jose Mejia, federal prisoner # 67074-079, was convicted of conspiracy to possess over 1,000 kilograms of marijuana with intent to distribute and was sentenced to 151 months imprisonment. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition.

    Mejia argues that his indictment is constitutionally defective because it did not include an allegation of drug

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 02-40647
-2-

quantity, and that the district court thus had no jurisdiction to impose sentence in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Since Mejia filed his brief, this court rejected an identical argument in a 28 U.S.C. § 2241 case in Wesson v. U.S. Penitentiary Beaumont, Tx., ___ F.3d ___, (5th Cir. Sept. 5, 2002, No. 01-41000), 2002 WL 31006173 at * 2. The petitioner in Wesson also argued that his indictment was defective under Apprendi because it did not allege a drug quantity, and that the district court was deprived of jurisdiction. Citing United States v. Cotton, 122 S. Ct. 1781, 1785-86 (2002), United States v. Longoria, 298 F.3d 367 (5th Cir. 2002) (en banc), and United States v. Gonzalez, 259 F.3d 355 (5th Cir. 2002) (en banc), this court held that the petitioner's claim that his defective indictment deprived the court of jurisdiction was meritless because defects in an indictment are nonjurisdictional. Wesson, 2002 WL 31006173 at * 2.

Mejia argues that his Apprendi claim should be considered in this 28 U.S.C. § 2241 proceeding under the savings clause of 28 U.S.C. § 2255. In Wesson, 2002 WL 31006173 at * 3, this court also rejected the petitioner's savings clause argument, holding that the petitioner could not satisfy the first prong of Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001), because Apprendi is not retroactive on collateral review, citing United

States v. Brown, ___ F.3d ___, (5th Cir. Sept. 5, 2002, No. 01-10116), 2002 WL 2027346 at * 6.

For these reasons, the district court's dismissal of Mejia's 28 U.S.C. § 2241 petition is AFFIRMED, and amended to be with prejudice.